USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/19/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
HSBC BANK USA,                                                          :
                                                                        :
Plaintiff,                                                              :            ORDER
                                                                        :
           -against-                                                    :
                                                                        :          26-CV-2684 (NSR)
DIXON, *et al,*                                                         :
                                                                        :
Defendants.                                                             :
------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

On April 15, 2026, the Court directed Defendant Marine Dixon to show cause why this removed foreclosure action should not be dismissed or remanded. (ECF No. 5.)

Defendant has responded and concedes that federal jurisdiction is lacking. Specifically, Defendant states that Plaintiff's complaint asserts "a residential mortgage foreclosure under New York Real Property Actions and Proceedings Law (RPAPL) Article 13," which "is a state law cause of action." (ECF No. 6 at 1.) Defendant further states that the complaint "does not allege any claim arising under the Constitution, laws, or treaties of the United States," and that "federal question jurisdiction is not established." (*Id.*) Defendant also states that both HSBC and Defendant are citizens of New York and that, "[b]ecause both parties are citizens of New York, complete diversity does not exist." (*Id.* at 2.)

Federal courts must remand a removed action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Here, Defendant has not established federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. To the contrary, Defendant's response confirms that the

1

underlying action is a state-law foreclosure action and that complete diversity is lacking. (ECF No. 6 at 1–2.)

Accordingly, this action is REMANDED to the Supreme Court of the State of New York, Westchester County, pursuant to 28 U.S.C. § 1447(c). Plaintiff's request for a pre-motion conference (ECF No. 4) is DENIED as moot. The Clerk of Court is respectfully directed to remand this action, mail a copy of this Order to pro se Defendant, and show service on the docket.

SO ORDERED:

Dated: May 19, 2026
      White Plains, New York

—————————————————
NELSON S. ROMÁN
United States District Judge

2